REQUESTED BY: Ralph Michener, Director, Department of Public Institutions.
May the Department of Public Institutions legally draw warrants upon the 1981-82 appropriation to the Douglas County Hospital to pay for services rendered by that hospital in the 1980-81 fiscal year but for which invoices were not submitted until after June 30, 1981?
No.
An appropriation in the amount of $150,000 was made to the Department of Public Institutions for the support of the Douglas County Hospital during fiscal year 1980-81 in Section 12(3) of LB 1002, Eighty-Sixth Legislature, Second Session. Those funds were exhausted before all valid claims of the Douglas County Hospital were paid. An appropriation of $314,343 for the support of the same hospital during fiscal year 1981-82 was made in Section 11(3) of LB 561, Eighty-Seventh Legislature, First Session. The Department of Public Institutions now asks whether the 1981-82 appropriation may be used to pay for services rendered by the Douglas County Hospital during fiscal year 1980-81 but for which service invoices were not submitted until after June 30, 1981.
A very similar situation was before the Court in Stateex rel. Western Bridge Construction Co. v. Marsh,111 Neb. 185, 196 N.W. 130 (1923). The plaintiff in that case sought payment from the 1923-25 appropriation for services performed during the prior fiscal period. The Court stated:
 This 1923-35 appropriation was made in an act entitled `An act making appropriations for the state government, for the biennium ending June 30, 1925, and the conditions of payment thereof.' Laws 1923, ch. 28. And the Constitution of the state provides (section 22, art. III):
 `Each Legislature shall make appropriations for the expenses of the government until the expiration of the first fiscal quarter after the adjournment of the next regular session, and all appropriations shall end with such fiscal quarter. And whenever it is deemed necessary to make further appropriations for deficiencies, the same shall require a two-thirds vote of all the members elected to each house, and shall not exceed the amount of revenue authorized by law to be raised in such time.'
Also, section 25, art. III:
 `No money shall be drawn from the treasury except in pursuance of a specific appropriation made by law, and on the presentation of a warrant issued by the auditor thereon, and no money shall be diverted from any appropriation made for any purpose, or taken from any fund whatever, either by joint or separate resolution.'
 Plainly, these provisions, in connection with the act itself, limit the appropriation now in the treasury to the obligations of the present, and prevent its use for the payment of those of the past.
Section 2 of LB 561, Eighty-Seventh Nebraska Legislature, First Session provides, `There is hereby appropriated for each agency for the period of July 1, 1981 to June 30, 1982, . . . the sums set out in sections 4 to 32 of this act, except as otherwise appropriated.' The constitutional provisions relied upon in Western Bridge, although since amended, remain in full force as far as they are relevant to the question at hand. We are therefore of the opinion thatWestern Bridge governs the current question and the 1981-82 funds cannot be used to pay prior obligations. We note that the foregoing is in complete conformance with AttorneyGeneral Opinion No. 109 (1975-76).
The Department of Public Institutions notes in its request letter that Neb.Rev.Stat. § 81-138.01 (1980 Supp.) may be relevant to the question at hand. That statute provides:
 For appropriation and expenditure purposes, encumbrances represent financial obligations which are chargeable to the current fiscal year's appropriation and for which a part of that appropriation is reserved. Encumbrances which are established in one fiscal year, to be liquidated in a subsequent fiscal year, shall be limited to the following types of transactions:
 (1) A purchase order is issued, but the goods and accompanying invoice were not received and paid during the same fiscal period;
 (2) Goods or services were received, but an invoice has not been received and paid;
 (3) Goods or services and an invoice were received, but payment could not be made during the same fiscal period; or
 (4) Salaries have been earned and are payable to the employees, but have not been paid as of the end of the fiscal period, as a result of pay periods not being consistent with the end of the fiscal period, except that higher education institutions may encumber payrolls for the remainder of the summer session which is in progress at the end of the state's fiscal year, if they have been budgeted and appropriated in such manner.
At first view this statute may appear to be an attempt to change the law as pronounced in Western Bridge. However, the Legislative history of that statute clearly indicates otherwise. Senator Warner, who introduced the bill, stated that its purpose was to, `. . . place in the statutes clear definition of what kind of expenditures can be encumbered by an agency at the end of their fiscal year in order to be paid out the following year but using the previous year's authorized appropriation.' Eighty-Fifth Legislature, Second Session, Floor Debate, January 11, 1979, p. 108. It therefore appears that section 81-138.01 defines those situations in which an agency may retain funds after the end of the fiscal year to pay for expenses incurred in that year. The statute is not in any way an attempt to authorize the use of current funds to pay past obligations.
In any event, the holding in Western Bridge was based upon the state constitution. It is axiomatic that the constitution governs over a conflicting statute. If section81-138.01 were an attempt to authorize the use of current appropriations to pay past obligations it would be ineffectual. We are therefore of the opinion that the 1981-82 appropriation cannot be used to pay obligations incurred in fiscal year 1980-81.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Martel J. Bundy Assistant Attorney General
APPROVED:
Attorney General